CATHERINE ELLIS et al., appellants,

*v.*

WILLIAM H. ELLIS, an infant, by Hannah Gallagher, his next friend, respondent.

Testator died seized and possessed of a considerable estate, leaving a grandson, his sole descendant and the only child of a son by his first wife, and also leaving a widow, to whom, by his will, he left his entire estate, with this provision for his grandson: "*Item*. My son having departed this life leaving an only child of tender years, I have made provisions for the care, support and education of the said child until his arrival at twenty-one years of age, leaving the entire charge and disposition of that matter, however, in the good judgment and discretion of my said wife, Catherine Ellis." No other provision had been made by the testator for the grandson.—*Held*, (1) that the estate of the testator in the hands of the widow was charged with the care, support and education of the infant until he attained twenty-one years of age; (2) that the court will enforce this charge and fix the amount to be appropriated for that purpose; (3) that the widow shall have the right to see to the proper expenditure of the sum fixed by the court, and such rights will be in satisfaction of that part of the provision giving her the charge and disposition of that matter.

---

On appeal from a decree advised by Vice-Chancellor Pitney, who stated the following reasons therefor:

The facts are that the testator, William H. Ellis, Sr., had an only child, William H. Ellis, 2d, who married a Miss Gallagher, and had by her one child, William H. Ellis, 3d, the infant complainant herein. The father of the complainant was the only child of the testator, and seems to have been a person of irregular habits, and did not long cohabit with his wife, but the result of the marriage was the birth of the complainant on March 7th, 1897, and at the time of the hearing he was four years old.

The child, from its birth, was taken care of by its maternal grandmother, the guardian *ad litem,* and also guardian of the person and property of the infant complainant appointed by the orphans court of Hudson county, and as the result of some proceedings by the overseer of the poor a weekly payment of $2.50 was made to the overseer for the support of the child, and that money was paid to the maternal grandmother, Mrs. Gallagher, and such payments continued to the death of the son, the father of the infant, which occurred on March 30th, 1898. The grandfather died three weeks later, to wit, on April 18th, 1898, testate of a will as follows:

"*In the name of God, Amen.* I, William H. Ellis, of the City of Hoboken, County of Hudson, and State of New Jersey, being of sane mind and memory and conscious of the uncertainty of this life, do make, publish and declare this to be my last will and testament in the manner following, to wit:

"*Item.* I order and direct that all my just debts and funeral expenses be paid as soon as conveniently can be done after my decease.

"*Item.* I give, devise and bequeath all my estate of every nature wheresoever situated unto my beloved wife Catherine Ellis, to her, her heirs and assigns forever.

"*Item.* My son having departed this life leaving an only child of tender years, I have made provisions for the care, support and education of the said child until his arrival at twenty-one years of age, leaving the entire charge and disposition of that matter however in the good judgment and discretion of my said wife, Catherine Ellis.

"*Item.* I hereby make, nominate and appoint my said wife Catherine Ellis the executrix of this my last will directing that she give no bonds for the performance of her trust, and I hereby revoke any and all former wills by me made.

"In witness whereof, I have hereunto set my hand and seal this fourteenth day of April, in the year of our Lord, eighteen hundred and ninety-eight.

"WILLIAM H. ELLIS."

One payment was made by the testator after the death of the son, and received by Mrs. Gallagher.  No payments were made after the death of the testator.

He left a widow, who is his sole legatee and devisee.  She was his second wife, and not the grandmother of the infant complainant.  Demand was made upon her for the support of the child, and she offered the interest of $1,000 a year, which was declined.  A suit was brought by the late Senator Daly, which slept until his death, when the present bill was filed by Mr. Besson.

The mother of the infant has married again, and he has been taken care of and supported by his maternal grandmother.

The estate left was admitted by the defendant at the hearing to be worth at least $9,600.  Complainant's counsel contended that it was much more than that, but that amount was finally adopted.

Very little contest was made at the hearing over the construction of the will.  It was proven and conceded that no provision whatever for the support of his only offspring had been made by the testator, except the devise to his wife, the defendant, and the duty of the defendant under the will to provide for the support of the child was substantially admitted by her counsel.  The only question was as to the amount of the support and the mode of its application.

The maternal grandmother and the child were both in court, and were seen by me.  The grandmother was a neat, wholesome-looking woman, manifestly of good habits, and the child was its own witness to its having been well taken care of, and its attachment to its grandmother was evident.  No question was made as to the propriety of leaving the child with the grandmother.  The defendant offered to take personal charge of the child and its rearing.  But the whole matter, both of the amount of the allowance and the proper person to have charge of the infant, was left by defendant's counsel to the court.  Defendant's counsel offered $2 a week.  I thought that $2.50 was a moderate sum, and I was decidedly of the opinion that the grandmother Gallagher should have the personal care and charge of the infant, with the right of supervision by the defendant, and dictated the

provisions of the decree at the moment, and for the arrears of about three years I allowed only $150.

I have said that little or no contest was made at the hearing over the construction of the will. The fact that the estate devised to the defendant was charged with the support of the child was hardly disputed; nevertheless, I have given it consideration without, however, an examination of any of the authorities. The will itself contains a declaration that the testator had made a provision for the care, support and education of his grandchild until his arrival at twenty-one years of age. It appears, with sufficient certainty, that he made none in his lifetime which would answer this declaration in the will; and by the will he gave the whole of his estate to his widow. It seems to me, then, that it follows that the provision for the child was included in the devise to the widow, and this view is strengthened by the fact that its application was confided to the widow. The result is a trust in favor of the child. The only question is whether or not this court has a right to interfere by reason of its general jurisdiction over the administration of trusts; and I am of the opinion that it has. I think that the case falls within the principle upon which the late chancellor dealt with the Bentley will, and his action in that matter was approved by the court of errors and appeals. *Bentley* v. *Bentley, 38 Atl. Rep. 286; Bentley* v. *Dixon, 46 Atl. Rep. 689.* I am unwilling to admit that it is within the power of this widow to say how much should be expended in the support of this child, without any supervision in that regard by this court. Granting that power, she might be satisfied with a wholly insufficient amount; and I think her disposition to do so was illustrated in this case by offering the pitiable sum of the interest on $1,000 —say $50—a year for the support and maintenance of the child. I think that part of the will which leaves the entire charge and disposition of the care, support and education of the child to the good judgment and discretion of his wife is satisfied if she shall have the opportunity to see that the money paid by direction of the court is actually used for the care, support and education of the child. Provision in that regard was made in the decree.

Ellis *v.* Ellis.

*Messrs. Lewis, Besson & Stevens,* for the respondents.

*Mr. James F. Minturn,* for the appellants.

Per Curiam.

The decree appealed from is affirmed on the opinion above of Vice-Chancellor Pitney.

*For affirmance*—The Chief-Justice, Van Syckel, Garrison, Collins, Fort, Garretson, Hendrickson—7.

*For reversal*—Dixon, Vroom—2.